UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN PAUL JOSEPH KEEGAN, et al., | ) No.: 4:20-CR-00045-RSB-CLR |
| | ) |
| DEFENDANTS. | ) |

**DEFENDANT SHARON KEEGAN'S MOTION FOR DISCOVERY
UNDER RULE 16 AND INCORPORATED BRIEF IN SUPPORT**

COMES NOW Defendant Sharon Keegan ("Ms. Keegan" or "Sharon"), by and through counsel, and moves the Court for an Order directing the government to produce for inspection and copying, the following documents or evidence:

a) Motorola Moto G7 cell phone (Sharon Keegan's phone) web browser history
b) Motorola Moto G7 cell phone (Sharon Keegan's phone) installed app data
c) LG G7 ThinQ cell phone (JP Keegan's phone) web browser history
d) LG G7 ThinQ cell phone (JP Keegan's phone) installed app data
e) Any and all electronic metadata associated with images 8821.jpg and 8814.jpg
f) Any and all image hash details associated with the file contents of images 8821.jpg and 8814.jpg
g) LG G7 ThinQ cell phone (JP Keegan's phone) Phone Examination Preview Report [redacted] including: SMS Section and MMS Section

In support of her Motion, Ms. Keegan respectfully shows the Court the following:

### INTRODUCTION

In this child-pornography production and distribution case, the Grand Jury returned an eight-count indictment against John Paul ("JP") Keegan and his wife, Sharon Keegan. Doc. 1, Indictment. Based on counsel's review of the government's production, the physical evidence in this case consists of one cell phone and one 4-6TB hard drive belonging to JP Keegan, a single cell phone belonging to Sharon Keegan, and

a tablet device belonging to MV2. At least both phones and the hard drive remain in the government's physical custody.

The government's case agents performed digital forensic examinations ("extraction" or "imaging") of both cell phones using a Cellebrite UFED ("Universal Forensic Extraction Device"). *See* USAO-001037 (describing method of extraction for JP's phone). The Advanced Logical Extractions performed on each device produced copies of much of the data stored on each phone. Using the UFED tools, the government's case agents may easily search and report this data in usable formats.

To date, the government has made available to Ms. Keegan's retained digital forensics expert ("Defendant's expert") copies of the two cell phone extractions. Because the unredacted data contains contraband, the government has required Defendant's expert to travel to an HSI facility in Raleigh, N.C. to review the data. Undersigned counsel also has conferred with GBI Special Agent John Barry regarding the same dataset and has personally reviewed some of the contraband at S/A Barry's office. At counsel's request, S/A Barry was able to quickly and easily retrieve and report redacted sections of the Cellebrite Extraction.

## ARGUMENT AND CITATION TO AUTHORITY

Federal Rule of Criminal Procedure 16(a)(1)(E) provides that:

Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
(i)     the item is material to preparing the defense;
(ii)    the government intends to use the item in its case- in-chief at trial; or
(iii)   the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

There can be no dispute that the electronic evidence described above is in the possession, custody, or control of the government. Fed. R. Crim. P. 16(a)(1)(E). Having satisfied this prerequisite, the only question remaining is whether the item falls within one of the three enumerated categories. *See* Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii).

Here, the data requested from Sharon Keegan's phone (items "a" and "b") was obtained from, or belongs to, Ms. Keegan.

Ms. Keegan requests the remaining data because it is material to preparing the defense. Fed. R. Crim. P. 16(a)(1)(E)(i). In the courts of the Eleventh Circuit, "[a]n item in the first category need not be disclosed unless the defendant demonstrates that it is material to the preparation of his defense. *U.S. v. Jordan*, 316 F.3d 1215, 1251 (11th Cir. 2003).[1] The defendant must make a specific request for the item together with an explanation of how it will be "helpful to the defense." *Id.* (citing *United States v. Marshall*, 132 F.3d 63, 67-68 (D.C. Cir. 1998) for the definition of "helpful" as "relevant to preparation of the defense and not necessarily exculpatory").

---

[1] The *Jordan* opinion addressed the language of Rule 16(a)(1)(C) which, on the date of trial in 2000, read as follows:

> Upon request of the defendant, the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

*See Jordan*, 316 F.3d at 1225 n. 12, 1249-50 n. 73. When the Federal Rules of Criminal Procedure were amended in 2002 the foregoing language (with some stylistic revisions) was redesignated Rule 16(a)(1)(E).

For reasons that follow, the particular data sought by Ms. Keegan in items (c), (d), (e), (f), and (g), are relevant to the preparation of the defense, whether or not they are exculpatory. *See Brady v. Maryland*, 373 U.S. 83 (1963).

1. **LG G7 ThinQ cell phone (JP Keegan's phone) web browser history**
   In this case, both defendants gave recorded statements to case agents during the execution of the initial search warrant of the couples' residence. In their statements, both JP and Sharon Keegan referred to "the box" or Dropbox or other cloud services. In his statement, JP suggested that he had installed a cloud-based storage platform on both his phone and Sharon's phone. The web browser history stored on JP's phone is material to Ms. Keegan's defense in at least as much as it indicates evidence of JP's use of a cloud-based storage platform. The government's case agent recognized as much when she included "services like Dropbox…[and other] cloud storage services" in her Search Warrant application. *See* USAO-000916.

2. **LG G7 ThinQ cell phone (JP Keegan's phone) installed app data**
   Similar to the web browser history, installed app data from JP's phone should contain evidence of these "cloud storage services" and the defendants' use of the same. *See* USAO-000916. An inspection of JP's phone will reveal whether or not a cloud storage service app was installed on his phone at the time of the execution of the search warrant.

3. **Any and all electronic metadata associated with images 8821.jpg and 8814.jpg**
   The Indictment charges Sharon Keegan with a single count of production of child pornography in violation of 18 U.S.C. § 2251(a), doc. 1, Indictment at 6, and a single count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b). Doc. 1, Indictment at 7. According to the charging document, the image

produced by Ms. Keegan has a file name of 8814.jpg. According to the charging document, the image distributed by Ms. Keegan has a file name of 8821.jpg. The meta data associated with these images, including, but not limited to, device information, date/time stamp, GPS coordinates, etc. is almost certainly relevant to the preparation of Ms. Keegan's defense of the charges contained in Counts Six and Seven. Where and how the image was made are material to elements of the offenses charged. Moreover, on what device the image was produced and on what device the image was discovered are also material to the charge. The meta data associated with this image is relevant to these questions.

4. **Any and all image hash details associated with file contents of images 8821.jpg and 8814.jpg**
   During undersigned counsel's visit with Special Agent Barry, neither counsel nor S/A Barry were able to locate copies of images on Sharon Keegan's phone bearing the file names listed in the indictment. Discovery of the hash values or hash details associated with those images (wherever they are located in the government's evidence) is relevant to the preparation of the defense in that this data will allow Ms. Keegan to cross reference the hash values against files stored on Ms. Keegan's phone.

5. **LG G7 ThinQ cell phone (JP Keegan's phone) Phone Examination Preview Report [redacted] including: SMS Section and MMS Section**
   S/A Barry was able to easily and efficiently produce in usable format redacted copies of all SMS and MMS messages extracted from Ms. Keegan's phone. Presumably, S/A Barry can perform the same work as to JP's phone. These messages are relevant to the preparation of the defense for two reasons. First, one of the government's theories of distribution as to Ms. Keegan is that someone using Ms. Keegan's phone sent an MMS message to JP's phone containing an image with file

name 8821.jpg on January 4, 2020. *See generally*, Indictment at 7. Cross referencing the MMS messages received by JP's phone on or about the same time period will be relevant to preparing Ms. Keegan's defense of the distribution charge.

Second, counsel's review of the SMS, or "text" messages, sent by JP to Sharon Keegan during the months preceding their mutual arrests suggests a disturbing pattern of abusive and controlling behavior by JP toward Ms. Keegan. The following messages demonstrate the tone and content of the messages JP regularly sent to Ms. Keegan:

| | |
|---|---|
| 31/03/2019 12:13:01 (GMT-4): | I've been a lot happier being in the Dom mental state I don't mind being and daddy down but I definitely need to stay Dom |
| 02/04/2019 18:34:15 (GMT-4) | I want to be a true Dom but that doesn't mean I'm not going to take care of you and I think I really needed having some Doms to talk to that look to me for advice about how to take care of their slaves outside of the bedroom |
| 05/04/2019 16:55:42 (GMT-4) | Oh so you're the one who was curious if I wood date a girl your age? Yeah? Well that's a secret I guess you'll have to see if ▮ will give you the answer |

On April 3, 2019, *beginning at 7:33 in the morning*, Mr. Keegan sent another series of messages [redacted here], which pointedly illustrate the way in which he used knowledge of his relationship with MV2 to extort sexually explicit content from Ms. Keegan:

| | |
|---|---|
| 03/04/2019 07:33:20 (GMT-4) | Going to ask you to do a couple of new videos for me besides the one you've already been asked for |
| 03/04/2019 07:36:39 (GMT-4) | Okay well one thing I do want to change from what I was going to ask is since she is being a b▋ see originally I was just going to ask you to along with the one you are already going to do you one of your f▋ing yourself with a hairbrush and one of you f▋ing you're a▋ with a hairbrush but now I say if you can get your hands on it maybe you should use her hairbrush mwhahhaa |
| 03/04/2019 07:41:15 (GMT-4) | No I was already going to ask you to do this her attitude is making me change it to hers I will allow the use of lube because I want you to actually do it and I was probably wash it first |
| 03/04/2019 07:46:35 (GMT-4) | 3 vids honey brush p▋ brush a▋ and icecube |
| 03/04/2019 07:49:05 (GMT-4) | And you know just how ever long it takes to do the Ice Cube I'd say grab like two cubes and do one and then the other |

| | |
|---|---|
| 03/04/2019 07:49:40 (GMT-4) | You don't have to go like brutal on yourself with the brush but I definitely don't want you to take it slow other than the insertion you know a few pumps to ease yourself into it and then go at it |
| 03/04/2019 07:51:23 (GMT-4) | Try to push it into a little ways and then try to push it out with your p█ |
| 03/04/2019 08:01:06 (GMT-4) | Okay so let me know when you go to lay down and then you need to set an alarm because I don't want you down for more than an hour to an hour and a half |
| 03/04/2019 08:01:44 (GMT-4) | I'm not saying that to be mean I'm saying that as support you know what you want I know what you want I'm going to push you for it |
| 03/04/2019 08:04:18 (GMT-4) | I'm saying once you do lay down I don't want you down for more than an hour and a half and she sleeps 4 hours when you give her a nap so she will survive the two-hour nap she'll get by you doing the videos first |
| 03/04/2019 08:05:58 (GMT-4) | Like I said you just the ones with the brush needs to be a couple minutes for each video |
| 03/04/2019 08:07:07 (GMT-4) | It needs to go enough that you're actually f█ing you're (sic) a█ |

| | |
|---|---|
| 03/04/2019 08:09:23 (GMT-4) | I know but I think if you tried enjoy yourself with tasks like this you'll find a certain pl0easure in serving like this |
| 03/04/2019 08:10:22 (GMT-4) | Baby I'm trying to open you up to these things if you try to enjoy them I think you'll have more fun |
| 03/04/2019 09:27:40 (GMT-4) | If you havent deleted only one vid is in box and it wont let me download please dont delete |
| 03/04/2019 09:33:38 (GMT-4) | K got the ome that uploaded looks like the a▇ but no p▇ is on box |

Whether these same messages appear on JP's phone (or evidence those messages have been deleted) is relevant to the preparation of Ms. Keegan's defense in this case, in particular Ms. Keegan's intent to introduce expert evidence regarding lifetime trauma exposure and chronic sexual abuse.

## CONCLUSION

For the foregoing reasons, Ms. Keegan respectfully requests that her Motion be granted and that the government be ordered to produce the data requested.

RESPECTFULLY SUBMITTED this 16th day of October, 2020.

                                                                /s/ Cameron C. Kuhlman
                                                                CAMERON C. KUHLMAN
DUFFY & FEEMSTER, LLC                     Georgia Bar Number: 596159
340 Eisenhower Drive                         *Attorney for Defendant S. Keegan*
Suite 800, Second Floor
Savannah, Georgia 31406
(912) 236-6311 Telephone
(912) 236-6423 Facsimile
cck@duffyfeemster.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have filed the foregoing using the Court's CM/ECF system which will cause an electronic copy to be delivered to all parties.

/s/ Cameron C. Kuhlman
Cameron C. Kuhlman
*Attorney for Defendant Sharon Keegan*
