UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )   )   ) | |
| vs.                                                        ) | No. CR420-0045 |
|                                                                ) | |
| SHARON ELIZABETH KEEGAN    ) | |
|                                                                ) | |
|     Defendant.                                     ) | |

**DEFENDANTS REBUTTLE TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIN IN LIMINE**

Comes now the Defendant Sharon Keegan and files this rebuttal to the government's response to her motion in limine regarding the testimony of SA John Barry and shows the court the following:

**INTRODUCTION**

An integral part of the Defendant's previous motion in limine revolved around the contents of the expert witness report of Special Agent Barry provided by the government to the defendant.

(Doc., 162, EX B

In regard to the Defendant Sharon Keegan the report contains the following pertinent information :

*During the interview of Sharon Keegan, SA Barry began the process of triaging the various electronic devices seized at the residence evidence relating to the aforementioned violations.*

*Sharon Keegan's phone was examined in her presence and described as a Motorola bearing telephone number 912-432-8611, manufactured in China.*

*During the interview Keegan stated she had nude images of her 14-year-old sister [REDACTED] on the phone. Keegan offered up the explanation her sister wanted her to take photographs of [REDACTED] in pink panties to see what they look like on her.*

*Keegan stated she accidentally sent four images to her husband of [REDACTED] in panties.*

*A further examination revealed that KEEGAN had in excess of 100 images of her sister in various poses of a lewd and lascivious manner.*

There is nothing else in the report relating to the examination of Sharon Keegan's cell phone. Furthermore, there is nothing in the balance of the report regarding Defendant Sharon Keegan or Co Defendant Keegan referencing any information about any photographs or videos being found on Sharon Keegan's cell phone or being transferred from Sharon Keegan's cell phone to the cell phone of JP Keegan. (Doc, 162, Ex B )

An interview of the expert witness subsequent to his disclosure as an expert on March 21st 2022 revealed that the comment " a further examination revealed that Keegan had an excess of 100 images of her sister in various poses of a lewd and lascivious manner" , did not refer to Sharon Keegan's telephone but referred to images found on the cell phone of her husband JP Keegan. The chronological order of the report and the comment of images of " her sister" clearly convey the message that the images were on Defendant's cell phone. Up to that point and including that comment there have been no reference to any examination of the cell phone of JP Keegan. ( Doc 162, Ex B )  This discrepancy was bought to the attention of the AUSA Kirkland and Lyons who confirmed that the over "100 images of a lewd and lascivious nature" were not found on the Defendant' Sharon Keegan's cell phone" but were in the cell phone of JP Keegan but had somehow been transferred to the cell phone of JP Keegan . When asked if the Expert would be amending or correcting or clarifying his report the AUSA respond in the negative.( Doc 162, Ex D  ).

## ARGUMENT AND CITATITION OF AUTHORITY

1, *The Report of SA John Berry does not comply with the requirements of Rule 16 in regard to any testimony other than the photos of the sister in Pink panties*

Rule 16 of the Criminal Rules of Discovery provides as follows as to requirements of the contents of the Disclosure of the Expert Witness Reports .

> **(G)***Expert Witnesses*. At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. *The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.( Emphasis supplied)  Rule 16(a ) ( 1) ( G)*

SA Barry's report fails to summarize any opinion of anything beyond a few photos of the Defendant's sister in pink panties found on the Defendant's cell phone. There is no opinion nor any mention of any other images or videos on her phone. There is no basis or reasons for any opinions having anything else to do with Defendant Sharon Keegan. There is is no opinion or report that these photos constitute pornography. There is no evidence that these images depict masturbation, bestiality , sexual intercourse, sadistic or masochistic abuse , or lascivious exhibition of genitals or pubic area ,intended to incite lust. [1]

---

[1] SA Barry's report attempts to incorporate the report of Susan Willis, but she has not been identified as an expert under Rule 16

There is no opinion or facts that indicate that the images of the sister in pink panties have any of the factors of lewd or lasciviousness. 18 USC § 2251 ( a).

The report provided by the Government.( Doc . 162, EX B ) is completely void of any opinions that the Defendant transferred these images to JP Keegan's phone or that they have a Motorola Watermark identifying that the source of the images on JP's cell phone came from Defendant's cell phone . There is no explanation as to what if any other images were founds and despite the recitation in the government's notice of his methods and his analysis (Doc. 152) There is no discussion of what he did or how he arrived at any conclusions.

## 2. The court should prohibit the SA Barry from testifying nor should the Government be allowed to introduce any undisclosed evidence or any opinions other than that the photos of the sister in the pink panties were found on the Defendant Sharon Keegan's cell phone.

Rule 16 provides the court the following remedies when a party fails to comply with requirements of Rule 16 (G)

**(2)***Failure to Comply*. If a party fails to comply with this rule, the court may: **(A)** order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;**(B)** grant a continuance;**(C)** prohibit that party from introducing the undisclosed evidence; or**(D)** enter any other order that is just under the circumstances.

Rule 16 (d) ( 2)

In this case the AUSA has steadfastly stated that the expert will not be amending his report at all. In that case this courts option for items (A) or (B) do not seem to be available.

Accordingly, the court has the option to grant a continuance (C ), but the report will still be the same according to the Government. So, the only remedy left to the court is to not allow the expert to testify . There is no discussion of how he found any images on her cell phone . Accordingly, the report is deficient in providing any sufficient notice to the Defendant

of the expert's opinions and the expert should not be allowed to testify. **See U.S. v. Holland** 223 F. App'x 891 (11th Cir. 2007)

The court it would seem has the option to dismiss the indictment given the steadfast refusal of the government to remedy their refusal to correct the problem especially given that the Defendant has offered that opportunity . This option is available under Rule 16 (G) to enter any other order that is just under the circumstances. See also *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) A defendant suffers prejudice when exculpatory information is withheld if the evidence is "material either to guilt or punishment." *Brady* . 373 U.S. at 87. " In this case the issue is not only the lack of proper disclosure, but this error could have an impact on the sentencing guidelines as the USSG § 2G2.2 (b) (7) (A) could increase the sentencing guidelines and could clearly have an impact on guilt as she is indicted for Possession of Child Pornography . A probation officer reviewing this fie could come up with a two-point enhancement if he/ she saw the report containing this error.

Respectfully submitted this 12day of April, 2021.

DUFFY & FEEMSTER, LLC
*/s/ Dwight T. Feemster*
DWIGHT T. FEEMSTER
Georgia State Bar No.: 257253
Attorney for Defendant Sharon Keegan

340 Eisenhower Drive
Suite 800, Second Floor
Savannah, Georgia
31406
Phone: (912) 236-6311
Fax: (912) 236-6423
dwight@duffyfeemster.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 4:20-CR-00045-RSB-CLR |
| | ) |
| **SDHARON ELIZABETH KEEGAN ,** | ) |
| et.al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing on all the parties in this case in accordance with the Notice of Electronic Filing which was generated as aresult of electronic filing in this Court.

This 12th   day of April  2022

                                                     DUFFY & FEEMSTER, LLC
                                                   */s/ Dwight T. Feemster*
                                                   DWIGHT T. FEEMSTER
                                                   Georgia State Bar No.: 257253
                                                   Attorney for Defendant Sharon Keegan

340 Eisenhower Drive
Suite 800, Second Floor
Savannah, Georgia 31406
Phone: (912) 236-6311
Fax: (912) 236-6423
dwight@duffyfeemster.com